UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BAGETTA,

        Petitioner,               Case Number: 2:12-CV-15207

v.                                         HONORABLE PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

JOE BARRETT,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Robert Bagetta (Petitioner) is a state inmate currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Petitioner does not identify the conviction he challenges, nor does he show that he has exhausted his state court remedies. The petition, therefore, will be dismissed.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

II.

The pending habeas petition will be dismissed under Rule 4 on two grounds. First, Petitioner fails to identify the conviction challenged in the petition or the jurisdiction in which he was charged. His petition is 52 pages of rambling arguments, including his assertion that he is a "sovereign American citizen" not subject to state law. The Court will not guess what conviction Petitioner might be challenging and, therefore, will dismiss the petition without prejudice.

Second, Petitioner fails to satisfy his burden of pleading exhaustion of state court remedies. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838,

845, 119 S. Ct. 1728, 1731 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732. A Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court before seeking habeas review in federal court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner neither alleges nor establishes that he has raised arguments raised in his petition in the Michigan appellate courts. Petitioner should present his claims to the state courts in the first instance. Therefore, the petition will be dismissed without prejudice.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable

3

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE and a certificate of appealability is DENIED.

SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 12-26-12